UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNIE E. RAY, SR.

VERSUS

THE HOME DEPOT, USA, INC., ET AL

CIVIL ACTION

NO. 06-213-A

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the court on a motion for summary judgment by defendant, The Home Depot, USA, Inc. ("Home Depot") (doc. 19). Plaintiff, Johnnie E. Ray, Sr., opposes the motion (doc. 25). Discovery is complete (doc. 17) and the matter is now submitted. Jurisdiction is based upon 28 U.S.C. § 1332.

In this diversity personal injury action, the plaintiff alleges that he received severe injuries when he slipped and fell while in the business premises of defendant, The Home Depot, USA, Inc.[1]

Both plaintiff and defendant have submitted depositions and other documentation (docs. 20, 21, 25, 26) to attempt to meet their respective burdens under *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After reviewing the parties' submissions in the light most favorable to the

---

[1] Although the complaint states the action against a second defendant, Enmon Enterprises, Inc. d/b/a Jani-King, that defendant has now been dismissed (doc. 5) upon the unopposed motion of plaintiff amid allegation of "fraudulent joinder" by Home Depot. The case thus proceeds against that defendant.

1

plaintiff and drawing all reasonable inferences in his favor, the court finds that genuine issues of material fact exist that preclude summary judgment.

## FACTS AND PROCEDURAL HISTORY

The following facts material to the motion now before the court are derived from defendant's Statement of Undisputed Facts (doc. 21). The court allows these facts along with the exceptions and additions from plaintiff (doc. 26), noted in footnotes where appropriate, to serve as its own statement of the case.

1. On October 24, 2005, Johnnie Ray, Sr. was shopping at the Coursey Boulevard Home Depot with a co-worker, Joe Ester.

2. The lumber department of Home Depot at the time of the accident was located at the far, right-end of the store near the main entrance.

3. OSB board (waferboard plywood)[2] was located at the "aisle end-cap" or at the front end of the plywood aisle on the day of the incident.

4. The cash registers were located at the left end of the store (opposite side of the main entrance).

5. The restrooms were located behind the plywood aisle. To get to the bathroom from the cash registers, one would pass the OSB board display.

6. On the day of the incident, the Plaintiff was working at Boh Bros. He and his co-worker, Joe Ester, went to Home Depot during a break because Mr. Ester needed wood for a personal project at his home.

---

[2]According to Donald Gage, assistant manager of the Home Depot store on Coursey Boulevard at the time of the accident, OSB board consists of chipped wood and glue that is pressed together to make sheets of roof decking material (doc. 25, Ex. C, p. 95).

2

7. In order to select the plywood Mr. Ester needed, the plaintiff and Ester entered the lumber department and walked through the plywood aisle passing the OSB display.[3]

8. Approximately five (5) minutes before he fell, Donald Gage, the Home Depot assistant manager, and Johnny Ray, Sr. discussed the defective wood in the exact location that plaintiff claims he fell.[4]

9. Gage saw no sawdust or debris on the floor during this time.[5]

10. The manager and plaintiff passed the same OSB board to view the materials. Again, neither noticed any materials, debris or sawdust on the floor.[6]

11. After selecting the plywood, Mr. Ray and Mr. Ester walked down the lumber aisle towards the cash registers, once again passing the OSB board.[7]

12. Neither Ray nor Mr. Ester saw any materials, debris or sawdust on the floor when they passed.[8]

13. After arriving at the cash register, Ray informed Ester that he needed to go to the restroom.

---

[3] Plaintiff disputes this statement and notes his testimony to the effect that he had not been in that area of the store on that day prior to his fall (doc. 26).

[4] Plaintiff disputes this statement and notes his testimony to the effect that he had not been in that area of the store on that day prior to his fall (doc. 26).

[5] Plaintiff disputes this statement and notes that Mr. Gage testified it is possible that there were some OSB board particles around the OSB display (doc. 26).

[6] Plaintiff disputes this statement, noting that Mr. Gage testified that it is possible that there were some OSB board particles around the OSB display and that plaintiff testified that he had not been in that area of the store on that day prior to his fall. Plaintiff also notes that he testified that he slipped in sawdust debris that chipped off the OSB board (doc. 26).

[7] Plaintiff disputes this statement, again noting his testimony to the effect that he had not been in that area of the store on that day prior to his fall (doc. 26).

[8] Plaintiff disputes this statement, noting his testimony to the effect that he had not been in that area of the store on that day prior to the fall. Plaintiff also notes that Joseph Ester said he did not see anything on the floor when he walked down the plywood aisle but never testified as to whether he saw anything around the OSB display (doc. 26).

14. Ray again walked back to the same aisle towards the OSB board.[9]

15. As he walked near the OSB board that was in front of the aisle, he slipped and fell.

16. He claims he fell on sawdust and debris that had accumulated on the floor from the OSB display. The plaintiff, Johnny Ray, testified that he did not see any sawdust or other type of substance or debris on the floor before he fell.

17. Brad Coates, an employee in Home Depot's tool rental department, saw Ray fall. He was facing the plaintiff and traveling down the same aisle when the fall occurred.

18. Coates testified that after the fall, he approached Ray to check his condition.

19. Coates examined the area and, at that time, he did not see any saw dust.[10]

20. Coates rubbed his boot over the area where Ray fell in order to see if there was anything on the floor that would cause the fall, and he did not see anything and did not see dust or a track mark indicating dust had accumulated in the area.[11]

21. Donald Gage, the manager, investigated the plaintiff's accident at Home Depot. As assistant manager, he was also in charge of the area (lumber department) where the plaintiff slipped and fell.

22. During his investigation, Gage closely examined the area where Ray fell and found that neither before nor after the accident did he see sawdust or

---

[9]Plaintiff disputes this statement, noting his testimony to the effect that he had not been in that area of the store on that day prior to the fall (doc. 26).

[10]Plaintiff disputes this statement, noting that Mr. Coates testified there may have been some small particles in the lumber aisle (doc. 26).

[11]Plaintiff disputes this statement. Though admitting that Mr. Gage testified to that effect, plaintiff notes his own testimony that he slipped in sawdust debris which chipped of the OSB and there were skid marks in the area (doc. 26).

anything else that could be considered a hazardous condition on the floor where the plaintiff fell.[12]

23. Mr. Gage stated that he makes it a point to keep his department clean by sweeping and picking up trash debris throughout the day.[13]

24. Home Depot's clean-up procedure consist of a morning crew to sweep the entire store floor, an afternoon crew to operate a cleaning machine with the distinct purpose of eliminating dust from the store floor and finally an evening crew to sweep the store floor again.[14]

25. As part of Home Depot's clean-up policy, Home Depot employees are directed to pick-up trash and debris in between clean-up crew shifts.[15]

(doc. 19).

As noted *supra*, in February, 2006, plaintiff filed suit against Home Depot and Enmon Enterprises, L.L.C., d/b/a Jani-King[16] in the Nineteenth Judicial District Court, Parish of East Baton Rouge (doc. 1, p. 13). Plaintiff alleges that Home Depot failed to maintain the premises in a reasonably safe condition. Specifically he contends that the presence of sawdust and debris on the floor presented an unreasonable risk

---

[12]Plaintiff disputes this statement, noting that Mr. Gage testified that it was possible that there were some OSB particles around the OSB display (doc. 26).

[13]Plaintiff disputes this statement, noting his testimony that he slipped in sawdust debris which chipped off the OSB. Plaintiff also testified that OSB debris was spread across the length and width of the OSB display (doc. 26).

[14]Plaintiff disputes this statement, noting that Mr. Gage testified there was only one crew that swept the store in the morning hours, and also that there was no requirement that sales associates, hourly associates or anyone else sweep at any intervals of time (doc. 26).

[15]Plaintiff disputes this statement, noting that Mr. Gage testified there really is no procedure in place to deal with the OSB debris, and there was no requirement that sales associates, hourly associates or anyone else sweep at any intervals of time (doc. 26).

[16]Upon a motion by plaintiff (doc. 4), defendant, Enmon Enterprises, Inc. was dismissed without prejudice on April 17, 2006 (doc. 5).

of harm that was reasonably foreseeable by defendant. He also alleges that Home Depot either knew, or in the exercise of reasonable care, should have known of the danger presented by the circumstances prior to the plaintiff's slip and fall. (*Id.* at 14). Plaintiff further states that, as a result of Home Depot's negligence, he suffered injury to his lower back, left knee, shoulder, elbow and wrist. He, therefore, seeks to recover damages including, but not limited to: physical pain and suffering, mental anguish, loss of enjoyment of life, permanent disability, permanent disfigurement, loss of wages and future earnings capacity, and medical expenses. (*Id.* at 14-15).

On September 13, 2007, defendant filed this motion for summary judgment asserting that plaintiff: 1) provides no evidence of a hazardous condition; 2) cannot present evidence to establish defendant's actual or constructive knowledge of the hazard prior to the injury; and 3) cannot demonstrate that Home Depot failed to exercise reasonable care in keeping the premises free of hazardous conditions (doc 20).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing

that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). "If the defendant in a . . . civil case moves for summary judgment . . . , [the inquiry is] whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Anderson*, 477 U.S. at 252.

The controlling statute in this case is Louisiana Revised Statutes 9:2800.6, which provides:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of . . . a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or

>  verbal uniform cleanup or safety procedure is insufficient,
>  alone, to prove failure to exercise reasonable care.

As to the first element, the plaintiff carries the burden of demonstrating that reasonable jurors could find that: 1) a hazardous condition existed, and 2) the risk of harm was reasonably foreseeable.

Plaintiff states that OSB particles were present on the floor in the area where he fell and that skid marks were clearly apparent after the fall (doc. 25, Ex. A). Brad Coates, an employee of Home Depot at the time of the incident, testified that he saw plaintiff fall to the floor next to the OSB display (doc. 25, Ex. D, p. 21). The store manager, Donald Gage, testified that debris from the stacking of the OSB makes the floor look messy because of "a lot of little small pebbles that may pop off" (doc. 25 Ex. C, p. 99), and he acknowledged the possibility that, at the time plaintiff fell, there may have been some particles of OSB around the OSB display. (*Id*. at 133). Brad Coates stated that an employee would sweep up debris when it posed a slipping hazard (doc. 25, Ex. D, p. 29). Viewing the evidence in the light most favorable to the plaintiff and drawing all reasonable inferences in his favor, the court concludes that reasonable jurors could find that a hazardous condition existed and presented a reasonably foreseeable risk of harm.

The second element requires plaintiff to demonstrate that reasonable jurors could find that Home Depot had actual or constructive notice of the hazardous condition prior to the accident. "'Constructive notice' means the condition existed for

such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). In *Broussard v. Wal-Mart Stores, Inc.*, 741 So.2d 65 (La.App. 3 Cir.), *writ denied* 742 So.2d 562 (La. 1999), the court noted that, in determining whether a merchant had constructive notice of a hazard, the court should apply a totality of the circumstances test and consider, among other things, the volume of business conducted at the store and whether a floor could become slippery in a short period of time.

Donald Gage testified that, at the time of the accident, the store sold about 7,000 sheets of OSB per week– approximately 4000 sheets more than usual due to reconstruction in the aftermath of Hurricane Katrina (doc. 25, Ex. D, p. 94). Customers generally load the sheets onto plywood carts by sliding them off of the stacks, which creates debris that falls to the floor. (*Id.* at 97). Gage also stated that among Home Depot employees it is well-known that OSB produces debris around these stacks. (*Id.* at 103). Plaintiff states that OSB particles were present in sufficient quantity on the floor in the area where he fell that skid marks were clearly apparent (doc. 25, Ex. A). Viewing the evidence in the light most favorable to the plaintiff and drawing all reasonable inferences in his favor, the court concludes that reasonable jurors could find that the debris was present on the floor long enough that, if Home Depot had exercised reasonable care, it would have become aware of the hazard prior to the fall.

The final element requires plaintiff to demonstrate that reasonable jurors could find that Home Depot failed to exercise reasonable care. Removal of sawdust or OSB particles from a floor requires only that the debris be swept up. Therefore, if reasonable jurors could conclude that Home Depot had constructive notice that of the hazard, they could also find that, by not sweeping up the debris, Home Depot failed to exercise reasonable care.

After reviewing the parties' arguments and submissions in the light most favorable to the plaintiff and drawing all reasonable inferences in his favor, the court finds that genuine issues of material fact exist as to whether plaintiff's alleged damages were caused by a breach of Home Depot's duty to exercise reasonable care to keep its floors in a reasonably safe condition.

## CONCLUSION

Accordingly, the motion by defendant, The Home Depot, USA, Inc., for summary judgment (doc. 19) is hereby **DENIED**.

Baton Rouge, Louisiana, November 15, 2007.

                                                  */s/ John V. Parker*
JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA